IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SANDRA ANN NEWMAN, | ) |
| Plaintiff, | ) |
| vs. | ) CJ-2004-2035 |
| J. D. YOUNG COMPANY, | ) FILED IN THE DISTRICT COURT OKLAHOMA COUNTY, OKLA. |
| Defendant. | ) MAR 1 0 2004 |
| | ) PATRICIA PRESLEY, COURT CLERK |
| | By_____ Deputy |

**PETITION**

**COMES NOW**, Sandra Ann Newman, the Plaintiff herein, and for her cause of action against the Defendant, alleges and states as follows:

1. That Plaintiff is and was at all times relevant a resident of McClain County, Oklahoma.

2. Defendant was and is at all times relevant a domestic company incorporated under the corporation laws of the state of Oklahoma doing business in Tulsa and Oklahoma Counties, State of Oklahoma, and engaged in business that enabled Defendant to control the terms and conditions of Plaintiff's employment.

3. The acts complained of herein occurred in Oklahoma County, Oklahoma and therefore jurisdiction and venue are appropriate in this Court, pursuant to Okla. Stat. Tit. 12 § 134 and Okla. Stat. Tit. 85 § 7. This Court has personal jurisdiction over the parties and also has subject matter jurisdiction.

4. Defendant may be served with legal process by and through its designated service agent registered with the Oklahoma Secretary of State. The Service Agent, Joe D. Young, is deceased therefore the company can be served at its primary place of business (i.e. 116 W. 3rd, Tulsa, OK 74104) preferably by service on one its corporate officers either Robert or Harriet Stuart.

A

## FIRST CAUSE OF ACTION
## RETALIATORY DISCHARGE IN VIOLATION OF OKA. STAT. TIT. 85 § 5.

5. All preceding allegations are incorporated as though fully set forth herein.

6. On or about January 20, 2003 Plaintiff was terminated from her employment against her will.

7. Prior to her termination, Plaintiff had suffered an on-the-job injury for which she received Workers Compensation benefits.

8. Plaintiff's termination from employment by the Defendant was motivated by Plaintiff's on-the-job injury, and was retaliatory in nature.

9. Plaintiff's termination was in violation of Okla. Stat. Tit. 85 § 5, and Plaintiff requests monetary damages in an amount in excess of Ten Thousand Dollars ($10,000.00) as a result thereof, together with her attorney fees, court costs and expert witness fees.

10. Plaintiff further demands exemplary and/or punitive damages against the Defendant in an amount in excess of Ten Thousand Dollars ($10,000.00), as authorized by Okla. Stat. Tit. 85 § 6.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

11. All preceding allegations are incorporated as though fully set forth herein.

12. Plaintiff herein was a disabled person as that term is defined by the ADA, as she suffered from a physical or mental impairment that substantially limits one or more of the major life activities of such an individual and/or is regarded or perceived as being disabled and/or has a record of being disabled.

2

13. Plaintiff was and is able to perform the essential job functions of her position with the Defendant with a reasonable accommodation.

14. Defendant was on notice of said disability and its effects on Plaintiff.

15. Plaintiff timely requested a reasonable accommodation for her disability from the Defendant, which would have allowed Plaintiff to continue in her employment with the Defendant.

16. A reasonable accommodation that did not pose a hardship on the Defendant was available to the Defendant so as to allow Plaintiff to continue in her employment even after her disability arose.

17. Defendant failed to make any accommodation for Plaintiff's disability.

18. Defendant's terminated Plaintiff's employment in violation of the ADA.

19. On or about July 7, 2003 Plaintiff timely perfected her complaint of Disability Discrimination with the Equal Employment Opportunity Commission (EEOC).

20. Plaintiff received her Dismissal and Notice of Right to Suit from EEOC on or about December 31, 2003, and therefore this action is timely commenced.

21. Plaintiff is entitled to recover actual damages from the Defendant in an amount in excess of Ten Thousand Dollars ($10,000.00), together with her attorney fees, expert witness costs and costs of court.

22. Plaintiff is further entitled to exemplary and/or liquidated damages in an amount in excess of Ten Thousand Dollars ($10,000.00) against the Defendant for their willful and intentional disregard for Plaintiff's rights and their wilful and intentional violation of the ADA.

### THIRD CAUSE OF ACTION
### VIOLATION OF OKLA. STAT. TIT. 25 §1302

23. All preceding allegations are incorporated as though fully set forth herein.

24. Defendant has violated the statutes and laws of the State of Oklahoma by virtue of its termination of the Plaintiff because of her handicap.

25. Plaintiff is entitled to recover actual damages from the Defendant in an amount in excess of Ten Thousand Dollars ($10,000.00), together with her attorney fees, expert witness costs and costs of court.

26. Plaintiff is further entitled to exemplary and/or liquidated damages in an amount in excess of Ten Thousand Dollars ($10,000.00) against the Defendant for their willful and intentional disregard for Plaintiff's rights and their willful and intentional violation of Okla. Stat. Tit.25 §1302.

### FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN BREECH OF PUBLIC POLICY

27. All preceding allegations are incorporated as though fully set forth herein.

28. Defendant is liable in tort to the Plaintiff for its wrongful termination of the employment of the Plaintiff in violation of the public policy of the State of Oklahoma that prohibits retaliatory and discriminatory treatment of employees who suffer on-the-job injuries and who are disabled. Defendant is additional liable for discharge of plaintiff as against Oklahoma's Public Policy for wrongful termination because of Plaintiff's gender and age as identified in 42 USC § 2000e-2 and 29 USC § 621 respectively and Okla. Stat. Tit. 25 § 1302.

29. Plaintiff is entitled to recover actual damages from the Defendant in

an amount in excess of Ten Thousand Dollars ($10,000.00), together with her attorney fees, expert witness costs and costs of court.

30. Plaintiff is further entitled to exemplary and/or liquidated damages in an amount in excess of Ten Thousand Dollars ($10,000.00) against the Defendant for their willful termination of the Plaintiff in violation of the public policy of the State of Oklahoma.

**WHEREFORE**, premises considered, Plaintiff, Sandra Ann Newman, demands actual damages against the Defendant, J.D. Young Company, in an amount in excess of Ten Thousand Dollars ($10,000.00) and exemplary and/or punitive damages against the Defendant in an amount in excess of Ten Thousand Dollars ($10,000.00), together with her cost, attorney fees, expert witness fees and other such relief as may be deemed equitable and just.

Respectfully submitted,

*[signature]*

JOSEPH E. WOLF, OBA #19385
3824 N. Meridian, Suite 102
Oklahoma City, OK 73112
(405)946-8200
Attorney for Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

DISCLAIMER: The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. § 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

| | |
|---|---|
| Sandra Ann Newman,<br>　　Plaintiff,<br>v.<br>J D Young Company,<br>　　Defendant. | No. CJ-2004-2035<br>(Civil relief more than $10,000)<br>Filed: 03/10/2004<br><br>Judge: Harbour, David M. |

## Parties

J D Young Company, Defendant
Newman, Sandra Ann, Plaintiff

## Attorneys

**Attorney**
Wolf, Joseph Edward(Bar # 19385)
3824 N MERIDAIN SUITE 102
OKLAHOMA CITY, OK 73122

**Represented Parties**
Newman, Sandra Ann

## Due Dates

| Docket Code | Original Due Date | Current Due Date | Description |
|---|---|---|---|

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**　　Count as filed: TERMINATE, WRONGFUL TERMINATION, in violation of TERMINATE O.S. TERMINATE Issue Filed: 03/10/2004

　　**Defendant Disposition Information**

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | User Name |
|---|---|---|---|---|---|---|
| 03/10/2004 | TEXT | 1 | | 41870413 | Mar 10 2004 2:32:14:260PM | OSCN\JamieHouston |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | |
| 03/10/2004 | TERMINATE | - | - | 41870415 | Mar 10 2004 2:32:14:293PM | OSCN\JamieHouston |
| | WRONGFUL TERMINATION | | | | | |
| 03/10/2004 | FEE | | - | 41870416 | Mar 10 ... 2:32:14:310PM | ... |
| | ...TION...$ 150.00 | | | | | |

03/1?/2004  MFE         -              41870413  Mar 10 2... 2:32:14:?10PM   SYSTEM\...      R...
            DISPUTE MEDIATION FEE($ 2.00)

03/10/200?  ?HAB        -              41870414  Mar 10 2... 2:32:14:310PM   SYSTEM\...      R...
            ... B STATUTOR? FEE($ 10.00)

03/1?/200?  ?ADMIN      -              41870420  Mar 10 2... 2:32:?...310PM  S?...
            D?ST CLERK AD?INISTRATIVE FEE ON COLLECTION... ($ ...)

03/1?/200?  SMF         -              41870423  Mar 10 2... 2:32:41:463PM   ...
            SUMMONS FEE (CLERKS FEE)($ 5.00)

03/10/2004  P           -              41876733  Mar 11 2004 10:45:46:970AM  OSCN\JibbieRoberts  R...
            PETITION

03/10/2004  TEXT        -      -       41870414  Mar 10 2004 2:32:14:277PM   OSCN\JamieHouston  -
            OCIS HAS AUTOMATICALLY ASSIGNED JUDGE HARBOUR, DAVID M. TO THIS CASE.

03/10/2004  ACCOUNT     -              41870430  Mar 10 2004 2:33:17:073PM   OSCN\JamieHouston  -
            RECEIPT # 2004-924346 ON 03/10/2004.
            PAYOR: JOE WOLF TOTAL AMOUNT PAID: $ 174.00.
            LINE ITEMS:
            CJ-2004-2035: $155.00 ON AC01 CLERK FEES.
            CJ-2004-2035: $6.00 ON AC23 LAW LIBRARY FEE.
            CJ-2004-2035: $1.00 ON AC31 COURT CLERK REVOLVING FUND.
            CJ-2004-2035: $2.00 ON AC64 DISPUTE MEDIATION FEES.
            CJ-2004-2035: $10.00 ON AC69 CHILD ABUSE MULTIDISCIPLINARY FEE.

| Party | Original Balance | Paid to Date | Cash | Bonds Holding | Current Balance |
|---|---|---|---|---|---|
| Newman, Sandra Ann | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| J D Young Company | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Generic Party | $ 174.00 | $ 174.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| BALANCE | $ 174.00 | $ 174.00 | $ 0.00 | $ 0.00 | $ 0.00 |

Report Generated by The Oklahoma Court Information System at March 30, 2004 15:41:24.

End of Transmission.

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerks Office of Oklahoma County, Okla., this 30th day of March, 2004
PATRICIA PRESLEY, Court Clerk
By Cynthia Butler Deputy